IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD DICKISON,

        Plaintiff,

vs.

WAL-MART STORES, INC., a
Delaware corporation; AIG
DOMESTIC CLAIMS, INC., a
Delaware corporation, d.b.a.
AIG Claim Services f.k.a. AIG
Claim Services, Inc.,

        Defendants.

Civil No. 06-108-AA
OPINION AND ORDER

---

Kerry M.L. Smith
Smith & Fjelstad
722 N. Main Avenue
Gresham, Oregon 97030
    Attorney for plaintiff

Jenna Mooney
Carol Noonan
Davis Wright Tremaine LLP
1300 SW Fifth Avenue, Suite 2300
Portland, Oregon 97201
    Attorneys for defendant Wal-Mart Stores, Inc.

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Defendant Wal-Mart Stores, Inc. (Wal-Mart) filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 on each of plaintiff's claims. Defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff began working for Wal-Mart in May 2001. Plaintiff's Amended Complaint, ¶ 4. Plaintiff's employment application included two questions relating to prior criminal convictions. The first asked whether plaintiff had been convicted of a felony. Plaintiff answered, "yes." The second question asked whether plaintiff had been convicted of any type of theft, fraud or violent crime. Plaintiff answered, "no."[1] Plaintiff was interviewed and hired by Wal-Mart Assistant Manager Deanna Curtis. Plaintiff told Curtis about the circumstances surrounding his conviction for burglary. Plaintiff does not remember telling anyone else at Wal-Mart about the circumstances surrounding his conviction for burglary. In compliance with Wal-Mart's policy at the time, Curtis had plaintiff write out his

---

[1] The facts underlying the felony conviction are as follows: plaintiff went to an apartment where his then-girlfriend was and kicked open the door. His then-girlfriend hit him with a board that plaintiff believes was part of the doorframe he had knocked off then he kicked in the door. The police were called and plaintiff was arrested. Plaintiff ultimately plead guilty and was convicted of felony burglary in March 2000.

explanation for his felony conviction, sign it, and she attached the signed explanation to his employment application.

In March 2002, plaintiff suffered an on-the-job injury to his knee while working for Wal-Mart. Id. at ¶ 10. Plaintiff filed a workers' compensation claim for that injury. On October 26, 2004, plaintiff suffered a second on-the-job injury to his back. Plaintiff continued working, but did not immediately report the injury to Wal-Mart and did not see a doctor on that day. The day after his injury, October 27, 2004, plaintiff saw his chiropractor about his back injury. He called Wal-Mart to tell them he would not be working that day, but did not report the injury. Two days after his injury, October 28, plaintiff returned to work and notified his supervisor, Andrew Parks, about his back injury. Plaintiff and Parks completed the paperwork relating to his injury, including filing a workers' compensation claim. Plaintiff then went to Concentra, the medical provider for Wal-Mart employees injured on the job, and saw a doctor. The doctor at Concentra placed plaintiff on light duty work, until November 30, 2004, when he was released to return to full duty work. Id. at ¶ 11.

Wal-Mart's Risk Control Manager, Camille Mast, notified Wal-Mart's workers' compensation insurance carrier, AIG Claims Services (AIG), that plaintiff failed to immediately notify his supervisor of his injury and saw his own doctor prior to

Page 3 - OPINION AND ORDER

reporting the injury. AIG conducted an investigation and as part of the investigation, obtained a report of plaintiff's criminal history. The AIG investigator shared the criminal history report with Mast. The report was then passed along to Wal-Mart management. On December 1, 2004, Wal-Mart ultimately terminated plaintiff for "falsification of employment documents," indicting he had provided false information relating to his criminal history.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence

Page 4 - OPINION AND ORDER

of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

In an employment discrimination case, "if a rational trier of fact could, on all the evidence, find that the employer's action was taken for impermissibly discriminatory reasons," summary judgment for the moving party is inappropriate. Wallis v. J.R. Simplot, 26 F.3d 885, 889 (9th Cir. 1994).

## DISCUSSION

Plaintiff alleges three claims against Wal-Mart having withdrawn a fourth claim pursuant to the Fair Credit Reporting Act.

### I. Workers' Compensation Retaliation and Failure to Reinstate

Plaintiff alleges claims for workers' compensation retaliation and for failure to reinstate. Or. Rev. Stat. §§ 659A.040, 659A.043.

#### A. FAILURE TO REINSTATE

There is no dispute that plaintiff was reinstated to his

position with Wal-Mart following both of his on-the-job injuries (knee and back). In fact, plaintiff admits that following his back injury in October 2004, plaintiff was given a light duty position consistent with his medical restrictions. When his light duty restrictions were lifted, plaintiff returned to his full duty position for Wal-Mart where he worked until he was terminated. I find no evidence to support plaintiff's claim for failure to reinstate and therefore find as a matter of law that defendant is entitled to summary judgment on this claim. This claim is dismissed.

B. WORKERS' COMPENSATION RETALIATION

Pursuant to McDonnell Douglas, plaintiff has the initial burden to establish a prima facie case of discrimination. To establish a prima facie case, plaintiff must present sufficient admissible evidence to raise an inference that misconduct occurred, but need not prove actual discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Warren v. City of Carlsbad, 58 F.3d 439, 442 (9th Cir. 1995). Once plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment action. McDonnell Douglas, 411 U.S. at 802-04. If the defendant is successful, then the burden returns to the plaintiff to show by a preponderance of the evidence that the alleged legitimate,

nondiscriminatory reason for the employment action is merely a pretext for discrimination. Id.

To establish a prima facie case for discrimination pursuant to ORS 659A.040, a plaintiff must have evidence that: (1) he invoked the workers' compensation system; (2) he suffered an adverse employment action; and (3) invoking the workers' compensation system was a substantial factor in the adverse employment decision. Williams v. Freightliner, LLC, 196 Or. App. 83, 89, 100 P.3d 1117 (2004).

Here, plaintiff establishes a prima facie case of discrimination. There is no dispute that plaintiff filed a claim pursuant to ORS Chapter 656, nor is there any dispute that defendant terminated plaintiff's employment. To satisfy the third prong of the prima facie case, plaintiff must show that his protected activity was a "factor that made a difference" in Wal-Mart's decision to terminate his employment. "Causation sufficient to establish the third element of the prima facie case may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987), cert. denied, 498 U.S. 939 (1990). See also, Scott v. Sears, Roebuck and Co., 395 F. Supp. 2d 961, 981 (D. Or. 2005)(plaintiff established, on

Page 7 - OPINION AND ORDER

timing alone, a genuine issue of material fact on the causal relationship between filing the injured worker claim and termination). Here, given the minimal standard requiring only an "inference of discrimination," plaintiff satisfies the third prong of the prima facie test. Plaintiff suffered his on-the-job injury on October 28, 2004. He was released to light duty work initially, and then ultimately released to return to his prior job. The day following plaintiff's return to the position he held prior to his injury, defendant terminated his employment. Under <u>Yartzoff</u>, the timing alone is sufficient to provide the inference of discrimination necessary to support plaintiff's prima facie case of workers' compensation discrimination.

   The burden now shifts to defendant to provide a legitimate, nondiscriminatory reason for the termination. Defendant carries that burden by (1) providing evidence that plaintiff falsified his employment documents; and (2) that defendant's policy is one of immediate termination for such an act. <u>Yartzoff</u>, 809 F.2d at 1376.

   The burden now returns to plaintiff to provide evidence that defendant's reasons for termination are merely pretext for discrimination. <u>Id.</u> at 1377. Plaintiff may demonstrate pretext "either directly by persuading the court that a discriminatory reason more than likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of

credence." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). The plaintiff in a discrimination case may "survive summary judgment without producing any evidence of discrimination beyond that constituting his prima facie case, if that evidence raises a genuine issue of material fact regarding the truth of the employer's proffered reason." Chuang v. Univ. of Cal. Davis, Bd. of Trustees, 225 F.3d 1115, 1127 (9th Cir. 2000). Moreover, the Ninth Circuit holds that summary judgment is "generally unsuitable in [discrimination] cases in which the plaintiff has established a prima facie case because of the 'elusive factual question' of intentional discrimination." Yartzoff, 809 F.2d at 1377.

    Given the applicable standard, requiring only an "inference that discrimination," I find that plaintiff sustains his burden on pretext. Plaintiff relies on the following evidence: that defendant ignored both the oral and written explanation of his felony conviction that plaintiff provided to the person that hired him, Assistant Manager Curtis. Further, that explanation was provided to defendant prior to his hiring. Specifically, plaintiff offers evidence that once an applicant provides a written explanation of a felony conviction, that explanation remains with the hiring paperwork and is placed in the employee's personnel file. If the applicant's written explanation is missing, Personnel notes that fact in the file. Plaintiff

Page 9 - OPINION AND ORDER

alleges there was no such note in his personnel file. Moreover, during the relevant years, Wal-Mart's training coordinator conducted an annual personnel file review the purpose of which was to ensure that all required employment documents were contained in each employee file. The training coordinator noted if the employee admitted to a felony conviction and whether the file contained a written explanatory note. If there was no written explanation in the file, the coordinator would follow up by indicating on a check sheet the missing document and correct the situation. The training coordinator does not recall that the plaintiff's handwritten explanation was ever missing from plaintiff's personnel file. Defendant now alleges it has no such written explanation and plaintiff asserts that the jury may assume that any such explanation benefits plaintiff.

Plaintiff further asserts that defendant was unconcerned about plaintiff's criminal background until he filed a workers' compensation claim that defendant took issue with. Plaintiff points to the fact that defendant made no effort to verify the truthfulness of plaintiff's employment application until after he reported a workers' compensation claim which defendant suspected was false. Finally, plaintiff asserts that defendant's personnel manager, risk safety manager and plaintiff's department manager all made "defamatory statements" to the investigator about plaintiff. Plaintiff points to the fact that regarding

Page 10 - OPINION AND ORDER

plaintiff's first workers' compensation claim, defendant did not request an investigation, did not check his criminal background, did not make defamatory comments to AIG and did not check the veracity of the statements in his job application. It was only when plaintiff filed his second workers' compensation claim, which plaintiff alleges that defendant did not believe, that defendant engaged in this behavior.

Plaintiff asserts that taking all the evidence in the light most favorable to plaintiff, there exists sufficient evidence to provide an "inference" that defendant engaged in discriminatory behavior when it elected to suddenly conduct a criminal background check on plaintiff when it was not satisfied with the credibility of plaintiff's second workers' compensation claim. Again, stressing the minimal standard required to defeat a summary judgment motion in a discrimination case where questions of fact exist as to the employer's intent, plaintiff satisfies that standard. Therefore, defendant's summary judgment motion as to plaintiff's claim for workers' compensation discrimination is denied.

II. Intentional Infliction of Emotional Distress

Next, plaintiff alleges a claim against defendant for intentional infliction of severe emotional distress (IIED). Plaintiff alleges that Wal-Mart's conduct exceeded the bounds of all socially tolerable conduct. Plaintiff's Amended Complaint,

Page 11 - OPINION AND ORDER

¶ 54. To state a claim for IIED, plaintiff must show that: (1) defendant intended to inflict severe emotional distress on the plaintiff; (2) defendant's acts were the cause of plaintiff's severe emotional distress; and (3) defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841 (1995).

Defendant's motion to dismiss this claim is granted. I find no evidence that Wal-Mart's decision to terminate plaintiff was "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Christofferson v. Church of Scientology, 57 Or. App. 203, 211, 644 P.2d 577 (1982), cert. denied, 459 U.S. 1206 (1983)(internal quotation omitted). Further, I find no evidence that Wal-Mart intended to inflict severe emotional distress upon plaintiff. In fact, plaintiff admits that he has no evidence that Wal-Mart intended to cause him emotional distress. The basis of plaintiff's IIED claim is that he was terminated, and that Wal-Mart occasionally did not have enough workers staffed at a time. Those reasons are insufficient as a matter of law to support plaintiff's IIED claim. Therefore, defendant's motion to dismiss plaintiff's IIED claim is granted.

///

CONCLUSION

Defendant Wal-Mart's motion for summary judgment (doc. 50) is granted in part and denied in part as follows: defendant's motion is denied as to plaintiff's claim for workers' compensation discrimination; defendant's motion is granted as to plaintiff's claims for failure to reinstate and IIED. These two claims are dismissed. Finally, the court notes that plaintiff's claim pursuant to the Fair Credit Reporting Act is withdrawn. The parties' request for oral argument is denied as unnecessary. IT IS SO ORDERED.

Dated this ⌒ day of July 2007.

_____
Ann Aiken
United States District Judge